Filed 6/9/21  P. v. Townsend CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F078604 |
| v. | (Super. Ct. No. F14906662) |
| TABARRI MAURICE TOWNSEND, | **OPINION** |
| Defendant and Appellant. | |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Edward Sarkisian, Jr., Judge.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

In 2015, a jury convicted appellant Tabarri Maurice Townsend of two counts of premeditated attempted murder (Pen. Code, §§ 664/187, subd. (a);[1] counts 1 & 2); two counts of assault with a firearm (§ 245, subd. (a)(2); counts 3 & 4); shooting at an occupied motor vehicle (§ 246; count 5); and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 6). Various firearm enhancements were found true. Appellant received an aggregated prison term of 80 years.

In 2018, this court affirmed appellant's judgment in a nonpublished opinion. However, we remanded the matter to the trial court for resentencing on counts 1 and 2 because those sentences had not complied with section 664, subdivision (a). We also directed the court to exercise its discretion to determine whether it should strike or dismiss certain firearm enhancements. (*People v. Townsend* (Feb. 15, 2018, F072456).)

Resentencing occurred in December 2018. In count 1, appellant received a term of life with the possibility of parole, plus 20 years for a firearm enhancement (§ 12022.53, subd. (c)). In count 2, appellant received a term of life with the possibility of parole, plus 20 years for a firearm enhancement (§ 12022.53, subd. (c)). In count 6, the upper term of three years was imposed, which was to run concurrently to count 1.[2] The court imposed certain fines and assessments, including a maximum $10,000 restitution fine (§ 1202.4, subd. (b)(1)).

In the present appeal, appellant argues this matter should again be remanded. He contends his due process rights were violated because the trial court imposed fines and assessments without first determining his ability to pay. (See *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).) He further asserts he should be given the opportunity to

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] Sentences in counts 3 through 5 were imposed and then stayed pursuant to section 654.

make a record of information relevant to his eventual youth offender parole eligibility hearing. (See § 3051, subds. (a)(1), (b)(3); *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).)

We disagree that remand is warranted. *Dueñas* is inapplicable and appellant's constitutional rights were not violated. In any event, any error was harmless. Regarding a *Franklin* proceeding, appellant has a statutory remedy under section 1203.01 to make a record of mitigating youth-related evidence. (See *In re Cook* (2019) 7 Cal.5th 439, 446–447 (*Cook*).) As such, we need not resolve the parties' dispute regarding whether or not a remand is required for that issue. We affirm but without prejudice regarding appellant's statutory right to seek a *Franklin* proceeding pursuant to section 1203.01.

## DISCUSSION

The issues in the present appeal all stem from the 2018 resentencing. As such, we omit the facts supporting the judgment, which were detailed in our prior opinion.

### I. Appellant Has Forfeited His *Dueñas* Claim; In Any Event, It Is Distinguishable From The Present Matter And The Trial Court Did Not Violate Appellant's Constitutional Rights; Finally, Any Presumed Constitutional Error Is Harmless.

The trial court imposed upon appellant (in part) a $10,000 restitution fine (§ 1202.4, subd. (b)(1)); a matching parole revocation fine (§ 1202.45); a $240 court operations assessment (§ 1465.8, subd. (a)(1)); and a $180 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)). It is undisputed appellant did not object when these were imposed.

Appellant contends the trial court violated his substantive due process rights and his right to equal protection because it imposed these amounts without a hearing regarding his ability to pay.[3] He asserts these financial obligations should be either

---

[3] According to the probation report, appellant was unemployed and receiving $190 in food stamps each month. He had completed high school and had attended a junior college. His physical health was listed as "[f]air" but he reported having "problems with

3.

vacated or stayed, and this matter remanded so the trial court can determine his ability to pay. He rests his claim primarily on *Dueñas*, *supra*, 30 Cal.App.5th 1157.[4]

In multiple opinions, this court has written extensively about *Dueñas*. (See, e.g., *People v. Montes* (2021) 59 Cal.App.5th 1107; *People v. Son* (2020) 49 Cal.App.5th 565; *People v. Lowery* (2020) 43 Cal.App.5th 1046 (*Lowery*); *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*).) We agree with respondent that appellant has forfeited this claim based on his failure to object below. In any event, we also hold *Dueñas* is distinguishable from appellant's situation, and appellant's constitutional rights were not violated. Finally, we conclude any presumed error was harmless.[5]

### A.     Appellant has forfeited this claim.

The parties disagree whether forfeiture occurred. We agree with respondent that this claim is forfeited.

---

his heart" and was waiting to be seen by jail medical staff. Appellant reported no mental health issues.

[4]     A different panel of the same court that decided *Dueñas* rejected the argument that *Dueñas* places a burden on the People to prove a defendant's ability to pay in the first instance. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 489–490 (*Castellano*).) *Castellano* clarifies that the defendant in *Dueñas* had demonstrated her inability to pay in the trial court and, only in that circumstance, had the appellate court concluded fees and assessments could not constitutionally be assessed and restitution must be stayed until the People proved ability to pay. (*Castellano*, *supra*, at p. 490.) Thus, "a defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court." (*Ibid.*)

[5]     To overcome forfeiture, appellant raises a claim of ineffective assistance of counsel. We reject this assertion. Because appellant's *Dueñas*-related claim and his constitutional challenges have no merit, he cannot establish ineffective assistance of counsel. A defense attorney is not required to make futile motions or to engage in " 'idle acts to appear competent.' [Citation.]" (*People v. Scheer* (1998) 68 Cal.App.4th 1009, 1024.) An attorney is not deemed incompetent when he or she fails to lodge meritless objections. (*People v. Lucero* (2000) 23 Cal.4th 692, 732.)

Section 1202.4, subdivision (b)(1), requires a court to impose a restitution fine in an amount not less than $300 and not more than $10,000 in every case where a person is convicted of a felony unless it finds compelling and extraordinary reasons not to do so. Section 1202.4, subdivision (c), specifies a defendant's inability to pay is not a compelling and extraordinary reason to refuse to impose the fine, but inability to pay "may be considered only in increasing the amount of the restitution fine in excess of the minimum fine [of $300]." While the defendant bears the burden of demonstrating his or her inability to pay, a separate hearing for the restitution fine is not required. (§ 1202.4, subd. (d).) "Given that the defendant is in the best position to know whether he has the ability to pay, it is incumbent on him to object to the fine and demonstrate why it should not be imposed." (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.)

Unlike the probationer in *Dueñas*, appellant did not object to the fines and assessments imposed upon him. Appellant did not request a hearing regarding his ability to pay. Contrasting the present circumstances with *Dueñas*, where the court imposed the minimum restitution fine, appellant had the maximum restitution fine imposed against him. (§ 1202.4, subd. (b)(1).)

We disagree with appellant that we should disregard the forfeiture doctrine because *Dueñas* announced a new constitutional principle. To the contrary, appellant had a statutory right, and he was obligated, to object to the imposition of a restitution fine above the $300 minimum. (§ 1202.4, subd. (c) [inability to pay may be considered when the restitution fine is increased above the minimum].) A factual determination was required regarding his alleged inability to pay. (See *People v. Frandsen*, *supra*, 33 Cal.App.5th at p. 1153.) Thus, such an objection would not have been futile under governing law when appellant was resentenced. (*Id.* at p. 1154.) We stand by the traditional rule a party must raise an issue in the trial court if he or she wants appellate review. (*Id.* at p. 1155.)

We reach the same conclusion with respect to the remaining assessments. Because appellant failed to object to the restitution fine, which was well above the minimum amount, we likewise reject any assertion he may now complain the trial court imposed a court operations assessment of $240 (§ 1465.8, subd. (a)(1)) and a criminal conviction assessment of $180 (Gov. Code, § 70373, subd. (a)(1)). (See *People v. Jenkins* (2019) 40 Cal.App.5th 30, 40–41; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [finding forfeiture of *Dueñas*-related claims].) His arguments regarding these smaller obligations are also forfeited.

Based on this record, appellant has forfeited his *Dueñas*-related claim. (See *Lowery*, *supra*, 43 Cal.App.5th at pp. 1053–1054.) In any event, even if forfeiture did not occur, we reject his arguments on their merits.

**B.     Unlike the probationer in *Dueñas*, appellant's due process rights were not violated.**

Appellant argues that, based on *Dueñas*, due process entitled him to a hearing regarding his ability to pay before the fines were imposed. We reject his due process challenge.

As an initial matter, we decline to expand *Dueñas*'s holding beyond the unique facts found in *Dueñas*. Unlike the probationer in *Dueñas*, appellant does not establish the violation of a fundamental liberty interest. His incarceration was not a consequence of prior criminal assessments and fines. He was not deprived of liberty because of alleged indigency. He was not caught in a cycle of "cascading consequences" stemming from "a series of criminal proceedings driven by, and contributing to, [his] poverty." (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1163–1164.) Appellant could have avoided this criminal judgment and his incarceration regardless of his financial circumstances. *Dueñas* is distinguishable and it has no application in this matter. (See *Lowery*, *supra*, 43 Cal.App.5th at pp. 1054–1055.)

6.

We agree with respondent that a criminal restitution fine, which does not impact a fundamental right, satisfies rational basis review. Appellant attempted to murder two individuals. He shot a firearm multiple times at two strangers, striking both of them. Given the nature of appellant's senseless and violent act, the restitution fine imposed against him was reasonably related to a proper legislative goal. The State of California has a legitimate interest in punishing criminal behavior. Thus, the restitution fine imposed in this matter survives rational basis scrutiny. (See *Perkey v. Department of Motor Vehicles* (1986) 42 Cal.3d 185, 189 [under rational basis review, a law does not violate due process if its enactment is procedurally fair and reasonably related to a proper legislative goal].)

Finally, respondent concedes that due process is implicated when nonpunitive assessments (i.e., a court operations assessment or a criminal conviction assessment) are imposed on indigent defendants.[6] Respondent notes it does not seek to uphold imposition of nonpunitive assessments on those who cannot pay. Respondent, however, asserts that any constitutional violation in this matter was harmless beyond a reasonable doubt.

We disagree with respondent's suggestion a constitutional violation may have occurred in this matter associated with the imposition of a court operations assessment of $240 (§ 1465.8, subd. (a)(1)) and/or a criminal conviction assessment of $180 (Gov. Code, § 70373, subd. (a)(1)). To the contrary, those nonpunitive obligations are not analogous to the imposition of court reporter fees on an indigent defendant. (See *Griffin v. Illinois* (1956) 351 U.S. 12, 18–20 (plur. opn. of Black, J.) [due process and equal protection require a state to provide criminal defendants with a free transcript for use on appeal].) Appellant was not incarcerated because he was unable to pay prior fees, fines

---

[6]    "A restitution fine (§ 1202.4, subd. (b)(1)) represents punishment. [Citation.] In contrast, a court operations assessment (§ 1465.8, subd. (a)(1)) and a criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)) are not considered punishment. [Citations.]" (*Lowery, supra,* 43 Cal.App.5th at p. 1048, fn. 3.)

or assessments.  (See *Bearden v. Georgia* (1983) 461 U.S. 660, 672–673 (*Bearden*) [fundamental fairness is violated if a state does not consider alternatives to imprisonment if a probationer in good faith cannot pay a fine or restitution].)  The imposition of the nonpunitive assessments in this matter did not deny appellant access to the courts, it did not prohibit him from presenting a defense, and it did not prevent him from pursuing his appellate claims.  The probationer in *Dueñas* presented compelling evidence the imposed assessments *had resulted* in ongoing unintended punitive consequences.  In contrast, although appellant could suffer any number of future unintended consequences, mere speculation does not establish a present constitutional infirmity.  (See *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1084 [hypothetical situations are insufficient to establish a statute is facially unconstitutional].)  A law may not be held unconstitutional on its face "simply because those challenging the law may be able to hypothesize some instances in which application of the law might be unconstitutional."  (*American Academy of Pediatrics v. Lungren* (1997) 16 Cal.4th 307, 347 (plur. opn. of George, C. J.).)  To establish facial unconstitutionality, a petitioner must demonstrate an act's provisions " 'inevitably pose a present total and fatal conflict with applicable constitutional prohibitions.' "  (*Arcadia Unified School Dist. v. State Dept. of Education* (1992) 2 Cal.4th 251, 267.)

Based on this record, a substantive due process violation did not occur when the trial court imposed the restitution fine and the nonpunitive assessments in this matter without first determining appellant's ability to pay.  Appellant's incarceration was not based on his alleged indigency.  Instead, he chose to engage in violent criminal behavior. We reject his due process challenge and the applicability of *Dueñas* in this matter.  (See *Lowery*, *supra*, 43 Cal.App.5th at pp. 1056–1057.)

### C.     Equal protection was not violated.

Appellant contends his right to equal protection was violated.  We disagree.  Four opinions are instructive.

First, in *Williams v. Illinois* (1970) 399 U.S. 235 (*Williams*), the United States Supreme Court invalidated on equal protection grounds a facially neutral statute that authorized imprisonment for an indigent's failure to pay fines.  (*Id.* at pp. 241–242.)

Second, in *Tate v. Short* (1971) 401 U.S. 395 (*Tate*), the United States Supreme Court expanded upon *Williams*.  The *Tate* court held equal protection was violated when an indigent defendant was committed to a "municipal prison farm" because he could not pay accumulated fines of $425 based on nine convictions for traffic offenses.  (*Tate*, at pp. 396–397.)  The high court noted the defendant "was subjected to imprisonment solely because of his indigency."  (*Id.* at p. 398.)  Important to the issue before us, the *Tate* court commented a state has a "valid interest in enforcing payment of fines."  (*Id.* at p. 399.)  According to *Tate*, a state " 'is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other conviction.' "  (*Ibid.*)  The high court stated " 'numerous alternatives' " exist for a state to avoid " 'imprisoning an indigent beyond the statutory maximum for involuntary nonpayment of a fine or court costs.' "  (*Ibid.*)  Those alternatives were left for the states to explore.  (*Id.* at p. 400.)

Third, in *In re Antazo* (1970) 3 Cal.3d 100, the California Supreme Court held an indigent defendant could not be imprisoned for failure to pay a fine.  Otherwise a violation of equal protection would occur based on wealth.  (*Id.* at pp. 103–104.)  Importantly, our high court noted that imposing a fine and penalty assessment on an indigent offender did not by itself necessarily constitute a violation of equal protection.

Apart from imprisonment, alternatives exist that could permit an indigent offender to be fined. (*Id.* at p. 116.)

Finally, in *Bearden*, *supra*, 461 U.S. 660, the United States Supreme Court held a court may not revoke probation for an indigent defendant's inability to pay a fine and restitution, absent findings that the defendant was responsible for the failure or that alternative forms of punishment were inadequate. Otherwise, the "deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment." (*Id.* at pp. 672–673.) The high court, however, reiterated a state is not powerless to enforce judgments against those financially unable to pay a fine. (*Id.* at pp. 671–672.) *Bearden* also noted that, when a defendant's indigency is involved, due process provides a better analytic framework than equal protection because "a defendant's level of financial resources is a point on a spectrum rather than a classification." (*Id.* at p. 666, fn. 8.) In the same footnote, *Bearden* stated that "[t]he more appropriate question is whether consideration of a defendant's financial background in setting or resetting a sentence is so arbitrary or unfair as to be a denial of due process." (*Ibid.*)

In light of *Williams*, *Tate*, *In re Antazo* and *Bearden*, appellant was not denied equal protection. He had a statutory right to object to the imposition of a restitution fine above the minimum amount of $300. However, he chose not to exercise that right. He was not incarcerated because of his alleged poverty. He does not articulate how a fundamental liberty interest was implicated. The trial court was permitted to impose a fine or penalty on him so long as alternatives to imprisonment are offered for purposes of repayment. (*In re Antazo*, *supra*, 3 Cal.3d at p. 116.) Accordingly, an equal protection violation did not occur, and we reject appellant's constitutional challenges. In any event, we also conclude appellant has not suffered any prejudice even if constitutional violations are presumed.

**D.     Any presumed error was harmless.**

Even if *Dueñas* is applicable and appellant's constitutional rights were violated, prejudice did not occur. Numerous opinions find no prejudicial error if a convicted defendant has the ability to earn wages while in prison. (See *Lowery*, *supra*, 43 Cal.App.5th at p. 1060; *Aviles*, *supra*, 39 Cal.App.5th at p. 1076; *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837.) When resentenced in this matter in 2018, appellant was approximately 26 years old. Unlike the *Dueñas* probationer who was subjected to a recurring cycle of debt, appellant was sentenced to a lengthy prison term following his convictions for two attempted murders. Nothing in this record reasonably suggests he might be unable to work or he might be ineligible for prison work assignments. We can infer he will have the opportunity to earn prison wages. It is illogical to conclude appellant will not have an opportunity to begin paying at least some of the imposed financial obligations while he is incarcerated.

Based on this record, appellant's circumstances are vastly different from the probationer in *Dueñas*. While it may take him considerable time to pay the amounts imposed against him, he will have an opportunity to make payments from either prison wages or monetary gifts from family and friends. (See *Aviles*, *supra*, 39 Cal.App.5th at p. 1077.) Thus, any presumed constitutional error, especially at this juncture, is harmless beyond a reasonable doubt. (See *Chapman v. California* (1967) 386 U.S. 18, 24.) Therefore, appellant's constitutional challenges based on *Dueñas* are without merit, and remand is not warranted for this issue.[7]

---

[7]     Respondent urges us to resolve this claim through the excessive fines clause in the Eighth Amendment of the United States Constitution. We need not conduct such an analysis because appellant does not raise his constitutional challenges under the Eighth Amendment, and his arguments are without merit.

**II.    Remand Is Not Warranted For A *Franklin* Proceeding Because Appellant Has A Statutory Remedy.**

Appellant was approximately 22 years old when he committed these offenses in 2014.  Thus, he is eligible for a youth offender parole hearing.  (§ 3051, subd. (b)(3).)  Effective January 1, 2016, section 3051 was amended to require youth offender parole hearings for offenders who were 25 years old or younger at the time of the controlling offense.  (*People v. Medrano* (2019) 40 Cal.App.5th 961, 967.)  The statute requires the Board of Parole Hearings to assess a youth offender's "growth and maturity" in determining whether to grant parole.  (§ 3051, subd. (f)(1); see § 4801, subd. (c).)

In *Franklin*, our Supreme Court set forth how eligible defendants can preserve evidence in the trial court that may be relevant at their eventual parole eligibility hearings.  (*Franklin*, *supra*, 63 Cal.4th at pp. 283–284.)  The term "*Franklin* hearing" is often used in reference to the marshalling and preservation of such evidence, but our high court has advised that the "*Franklin* processes are more properly called 'proceedings' rather than 'hearings.' " (*Cook*, *supra*, 7 Cal.5th at p. 449, fn. 3.)

The parties dispute whether a remand is warranted so appellant may seek a *Franklin* proceeding and preserve evidence for his future parole eligibility hearing.  Appellant argues he did not have an opportunity at resentencing to make such a record, and he raises ineffective assistance of counsel.  Respondent disputes those assertions.

We need not analyze the parties' opposing positions.  Instead, appellant has a new statutory remedy that resolves these issues.  In 2019, our high court held a juvenile offender whose conviction and sentence are final may file a motion under section 1203.01 for the purpose of making a record of mitigating youth-related evidence.  (*Cook*, *supra*, 7 Cal.5th at pp. 446–447; *People v. Medrano*, *supra*, 40 Cal.App.5th at p. 963 [resolving a similar claim on appeal].)  In light of this statute, there is no merit to appellant's claim of ineffective assistance of counsel.  He has the right to preserve evidence for his eventual youth parole eligibility hearing.  (See § 1203.01.)  Thus,

appellant cannot demonstrate prejudice, and his claim of ineffective assistance must be rejected.  (See *People v. Lucas* (1995) 12 Cal.4th 415, 436 [a defendant bears the burden to show both deficient performance and prejudice from alleged ineffective assistance of counsel].)  We will affirm appellant's judgment but without prejudice to his right to file a motion for a *Franklin* proceeding.

## **DISPOSITION**

The judgment is affirmed without prejudice to appellant filing a motion for a *Franklin* proceeding under the authority of section 1203.01 and *Cook*, *supra*, 7 Cal.5th at p. 460.